1  McGREGOR W. SCOTT
   United States Attorney
2  KATHERINE E. SCHUH
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:  (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8                  IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,            CASE NO.  1:20-CR-00199-DAD-BAM

12                        Plaintiff,      STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                        FINDINGS AND ORDER

14  ERIC PENA,                           DATE: January 13, 2021
                                          TIME: 1:00 p.m.
15                        Defendant.      COURT: Hon. Barbara A. McAuliffe

16

17       This case was previously set for a status conference on January 13, 2021.  By stipulation, the

18  parties now move to continue the status conference to March 10, 2021, and to exclude time between

19  January 13, 2021 and March 10, 2021.

20       On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

21  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

22  continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

23  address public health concerns related to COVID-19.

24       Although the General Orders address the district-wide health concern, the Supreme Court has

25  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

26  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

27  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

28  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.     By previous order, this matter was set for status on January 13, 2021.

2.     By this stipulation, defendant now moves to continue the status conference until March 10, 2021, and to exclude time between January 13, 2021, and March 10, 2021, under Local Code T4.

3.     The parties agree and stipulate, and request that the Court find the following:

a)     The government has represented that the discovery associated with this case includes investigative reports and related documents, body camera footage, criminal history reports, and court documents. Some of this discovery has been either produced to the defendant's previous counsel, and counsel for the government anticipates providing additional supplemental discovery directly to counsel and/or made available for inspection and copying within the next week.

b)     Counsel for defendant desires additional time to review discovery, conduct additional investigation regarding the charges, consult with his client, and discuss potential resolution with the government.

c)     Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)     The government does not object to the continuance.

e)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 13, 2021 to March 10, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  January 5, 2021                              McGREGOR W. SCOTT
                                                    United States Attorney


                                                    /s/ KATHERINE E. SCHUH
                                                    KATHERINE E. SCHUH
                                                    Assistant United States Attorney


Dated:  January 5, 2021                              /s/ JESSE GARCIA
                                                    JESSE GARCIA
                                                    Counsel for Defendant
                                                    ERIC PENA


# O R D E R

IT IS SO ORDERED that the hearing status conference in the above-entitled case shall be continued from January 13, 2021, to **March 10, 2021, at 1:00 p.m., before the Honorable Barbara A. McAuliffe,** for further status conference.  The time period through and including March 10, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.
IT IS SO ORDERED.

Dated:   **January 6, 2021**                     /s/ Barbara A. McAuliffe
                                                 UNITED STATES MAGISTRATE JUDGE